Baskin v. Benjamin.

## O. L. BASKIN
## v.
## R. Y. BENJAMIN.

1. EVIDENCE—CONTRACT.—Where appellant brought suit against appellee for seventy dollars, which, it was claimed, appellee, in consideration of appellant causing to be printed a lithograph portrait of appellee in a history of DuPage county, then in preparation, agreed to pay; and the court permitted witnesses to testify to what the witnesses claimed to be inaccuracies in, and omissions of, a number of events which, it was claimed, ought to have been put into the history. *Held*, that such evidence was improper. It did not tend to prove that the book in question was not a history of DuPage

county, and if allowed would introduce a number of collateral issues foreign to the investigation.

2. INSTRUCTIONS.—The instruction of appellee, which singled out the witness R. for impeachment instead of applying the rule in general to all witnesses, was improper.

APPEAL from the Circuit Court of DuPage county; the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed July 27, 1883.

Mr. C. L. BLANCHARD and Mr. A. W. BULKLEY, for appellant; as to the time when an affidavit denying execution of written instrument must be filed, cited R. S. 1874, Ch. 79, § 56, Ch. 110, § 34; Stevenson v. Farnsworth, 2 Gilm. 717; Frye v. Menkins, 15 Ill. 339; Templeton v. Hayward, 65 Ill. 179; Willard v. Trustees, etc. 66 Ill. 56.

If a party signing an instrument can read, and he is not prevented by any fraudulent means from doing so, he can not be permitted, when called upon to respond to its obligation, to say that he did not know what it contained or that its contents were differently represented to him: Mansers Case, 2 Cook, 3; Mead v. Munson, 60 Ill. 49; Whiton v. Tribilcock, 1 Otto (91 U. S.), 45, 50, 55; Chapman v. Rose, 56 N. Y. 137; Rogers v. Place, 29 Ind. 577; McCormick v. Molbarg, 43 Ia. 561; Strong v. Linington, 8 Bradwell, 441.

Mr. R. N. BOTSFORD, for appellee; that it is the province of the jury to decide as to the credibility of witnesses, cited Bourne v. Stout, 62 Ill. 261; Chicago City R'y Co. v. Young, 62 Ill. 238.

Appellee had a right to insist upon all defects in the history to justify his repudiation of the contract: Andreas v. Ketcham, 77 Ill. 377.

It was proper for the court after appellant's motion was overruled to refuse him permission to file affidavits: Peru Coal Co. v. Merrick, 79 Ill. 112; McBain v. Enloe, 13 Ill. 76.

LACEY, P. J. The basis of this action was the following contract claimed to be given by the appellee to appellant as follows:

Baskin v. Benjamin.

$70                "TURNER JUNCTION, Oct. 20, 1882.

"In consideration for causing a cabinet size lithograph portrait of myself to be printed in the history of DuPage county I promise to pay O. L. Baskin & Co. or their order, the sum of seventy dollars, payment to be made when the work is completed. One book, 25 extra portraits. Residence, Wayne Tp.

"R. Y. BENJAMIN."

At the time this contract was purported to have been signed, appellants were engaged in preparing a history of DuPage county, and one Rufus Blanchard was their agent to obtain the facts and write the history. John M. Ronk was the agent who obtained the above contract. The cause was originally brought before a justice of the peace, and from the justice judgment was appealed to the circuit court, and upon a trial before a jury, verdict and judgment for appellee. Motion by appellant for a new trial overruled and appeal to this court.

There was a plea of fraud and circumvention and of *non est factum*, and a defense, failure of consideration. On the trial the appellee denied that he ever signed the instrument, but put his name to a blank note at the request of the agent, Ronk, without any conversation about signing a contract for the purpose of giving a specimen of his handwriting. Ronk disputes this and testified that appellee well knew the contents of the contract he was signing.

Upon the trial the court allowed the appellee and a number of witnesses, against the objection of appellants, to testify to a number of what the witnesses claimed to be, inaccuracies in and omissions of, a number of events which it was claimed ought to have been put into the history.

We think this was error on the part of the court in allowing this evidence. The contract contains no warranty that the history then in contemplation should be accurate, or that there should not be omissions of events that might properly be put into such a work. Such evidence did not tend to prove that the book in question was not a history of DuPage county. If such evidence was introduced for the purpose of showing that the book in question was not a history

of DuPage county as is claimed by counsel for appellee, then it was incompetent for another reason, it would introduce into the trial a great number of collateral issues foreign to the investigation. If appellee were allowed to prove that such and such events did not transpire or that they were not as related in the work, and that certain other important events occurred that were not recorded, the appellant would on the other hand be allowed to call witnesses to show that the history was correct and that no such events took place as claimed and there would be no end to investigation on such points.

The evidence being immaterial and improper was highly calculated to mislead the jury and prejudice appellant's case before them. Appellee's instructions number three in singling out the witness Rauch for impeachment instead of applying the rule in general to all witnesses, while not to be approved might not of itself be of sufficient error to reverse, yet instructions of that kind ought not to be given.

For the improper admission of testimony the judgment is reversed and cause remanded.